# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00514-CV

**In re Tara Turner**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Tara D. Turner filed this original proceeding seeking a writ of mandamus to compel the district court to vacate a finding that Turner provided ineffective assistance of counsel. Turner, a licensed attorney, was appointed by the Travis County district court to represent M.D., the father in a parent-termination hearing. At the beginning of the fifth day of trial, the district court made a finding that Turner had provided ineffective assistance to M.D. The following findings were made on the record:

> The Court:   Before we go any further, I believe that I - I need to make a couple of findings. And - we have been sitting here for four days now. And I find both - Mr. [D.] and Ms. [B.], that both of your counsel are not effective counsel. By law, by statute, both of you have right to counsel - to have appointed counsel, and that implies, under due process, that you have effective counsel. I cannot, in good conscience, allow you to proceed with these counsel because I don't think they're effective.
>
> . . . .
>
> The Court:   I'm not discussing why I believe that you are not competent to trial - to carry on -

. . . .

Ms. Turner:    I don't have a right to have that on the record?

The Court:    No, you don't. So - the record is what it is. So, there - you don't have a right here. I have made that determination.

My duty is with these people, who I have to appoint, you know as a judge, courts appoint attorneys to make sure that they have effective counsel. And I find that you have not been effective.

Mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when an adequate remedy by appeal does not exist. *Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). In parental-termination cases, we determine what constitutes ineffective assistance according to the two-pronged analysis set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See In the Interest of J.O.A.*, 283 S.W.3d 336, 341-42 (Tex. 2009); *In re M.S.*, 115 S.W.3d. 534, 545 (Tex. 2003). Under *Strickland*, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *See* 466 U.S. at 687. Counsel's performance is ineffective if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *J.O.A.*, 283 S.W.3d at 342. We review the entire record to determine whether counsel's performance in a particular case is deficient. *M.S.*, 115 S.W.3d at 545.

The record before us shows no evidence of deficient performance amounting to ineffective assistance under *Strickland* and its progeny with respect to Turner. Accordingly, we conditionally grant Turner's petition for writ of mandamus and direct the district court to vacate its

finding that Tara Tuner provided ineffective assistance to M.D. The writ will issue only if the district court fails to take appropriate action in accordance with this opinion.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: December 23, 2009